THE ATTORNEY GENERAL HAS ASKED THAT I RESPOND TO YOUR RECENT REQUEST FOR ASSISTANCE FROM THIS OFFICE. IT DOES NOT APPEAR, HOWEVER, THAT IT IS NECESSARY OR APPROPRIATE THAT AN OFFICIAL PUBLISHED RESPONSE BE PROVIDED AS THE LAW RELEVANT TO YOUR INQUIRY IS RELATIVELY CLEAR AND UNAMBIGUOUS.
IN YOUR LETTER YOU INQUIRE, IN EFFECT:
 WHETHER A COUNTY OR STATE EMPLOYEE CAN RECEIVE CREDIT FOR YEARS SERVED AS A NON-SALARIED ELECTED CITY OR STATE OFFICIAL, FOR PURPOSES OF DETERMINING RETIREMENT BENEFITS IN A COUNTY EMPLOYEE RETIREMENT BENEFIT SYSTEM, PURSUANT TO 19 O.S. 951 (1981) ET SEQ., AS AMENDED, WHEN SAID CITY OR STATE OFFICIAL RECEIVED EXPENSE REIMBURSEMENTS, AND WHEN SUCH EMPLOYEE WAS APPOINTED TO SAID CITY OR STATE OFFICE WHICH IS USUALLY FILLED BY ELECTION?
THE DISPOSITIVE ISSUE TURNS MAINLY ON THE TERM SALARY AS IT IS USED IN 19 O.S. 1981, 956.1, AS AMENDED, AND NOT WHETHER THE PERSON IS ELECTED OR APPOINTED TO FILL SUCH ELECTED OFFICIAL'S OFFICE. BEFORE I ADDRESS THE MEANING OF "SALARY" I HAVE SET OUT AN OVERVIEW OF MY STATUTORY CONSTRUCTION ANALYSIS.
TITLE 19 O.S. 951, ET SEQ., VESTS AUTHORITY IN THE COMMISSIONERS OF ANY COUNTY HAVING A POPULATION OF 300,000 OR MORE TO PROVIDE BY RESOLUTION FOR A RETIREMENT FUND AND SYSTEM FOR ANY SUCH COUNTY'S EMPLOYEES. THE STATUTORY PROVISIONS IMMEDIATELY FOLLOWING 951 FURTHER RELATE TO ANY SUCH RETIREMENT SYSTEM. IN PARTICULAR, 19 O.S. 952 PROVIDES, IN PERTINENT PART:
 "EVERY COUNTY ESTABLISHING A RETIREMENT FUND AND SYSTEM UNDER THE TERMS OF THIS ACT IS AUTHORIZED AND DIRECTED TO PROVIDE FOR THE CONTROL AND MANAGEMENT OF SUCH SYSTEM BY RESOLUTION WHICH IN ADDITION TO OTHER PERSONS SHALL PROVIDE FOR: (1) THE QUALIFICATIONS OF THE PERSONS ELIGIBLE FOR RETIREMENT BENEFITS; (2) THE MINIMUM AGE FOR RETIREMENT OF EMPLOYEES; (3) THE LIMITATIONS OF AMOUNTS TO BE PAID TO PERSONS ELIGIBLE FOR RETIREMENT BENEFITS; (4) A BOARD OF TRUSTEES TO ADMINISTER THE FUND, COMPOSED OF (7) MEMBERS AS FOLLOWS: THE COUNTY TREASURER, TO BE TREASURER OF SAID BOARD, THE CHAIRMAN OF THE BOARD OF COUNTY COMMISSIONERS, THE DISTRICT ATTORNEY, AND THREE MEMBERS TO BE CHOSEN BY THE EMPLOYEES OF SAID COUNTY; (5) THE AMOUNT OF CONTRIBUTIONS TO BE MADE BY THE EMPLOYEES; AND (6) SUCH RULES AND REGULATIONS AS THE BOARD OF TRUSTEES SHALL DETERMINE NECESSARY FOR THE PROPER REGULATION OF THE RETIREMENT FUND AND SYSTEM . . . (.)"
AN ANALOGOUS OPINION, A.G. OPINION 88-071, POINTED OUT THAT THIS APPARENT CHOATE POWER OF THE COUNTY COMMISSIONERS IS SOMEWHAT LIMITED BY OTHER SECTIONS IN TITLE 19. THAT OPINION STATED:
 "THIS SEEMINGLY PLENARY POWER, HOWEVER, IS LIMITED BY SOME OF THE OTHER SECTIONS, AS WE MORE FULLY EXPLAIN LATER IN THIS OPINION. IT IS WELL RECOGNIZED THAT WHILE THE LEGISLATURE CAN VEST IN EXECUTIVE OFFICERS THE POWER TO PROMULGATE RULES, SUCH EXECUTIVE OFFICERS CAN ONLY MAKE RULES CONDUCIVE TO THE ACCOMPLISHMENT OF THE LEGISLATIVE PURPOSE EXPRESSED IN STATUTES AND CANNOT MAKE RULES THAT SUBVERT STATUTES. APPLICATION OF STATE BD. OF MEDICAL EXAMINERS, 206 P.2D 211 (OKLA. 1949). ALSO ANY RULES PROMULGATED MUST BE IN AID OF AND NOT IN DEROGATION OF LEGISLATIVE PURPOSE. IBID. AUTHORITY TO MAKE RULES DOES NOT INCLUDE AUTHORITY TO MAKE RULES WHICH EXTEND POWERS GRANTED BY STATUTE. ADAMS V. PROFESSIONAL PRACTICES COMMISSION, 524 P.2D 932 (OKLA. 1974).
IN THIS OPINION WE DO NOT PURPORT TO INTERPRET OR EVEN TO TAKE INTO ACCOUNT ANY RULES OR REGULATIONS ADOPTED PURSUANT TO AN APPROPRIATE RESOLUTION BY THE COMMISSIONERS OF ANY COUNTY SUBJECT TO THESE STATUTES. WE LIMIT OUR OPINION TO THE INTERPRETATION OF THE STATUTES."
THUS, REGARDLESS OF THE AUTHORITY GIVEN TO THE COMMISSIONERS IN 19 O.S. 952, SUPRA, TO PROVIDE FOR THE CONTROL AND MANAGEMENT OF SUCH RETIREMENT SYSTEM BY RESOLUTION AND TO ESTABLISH QUALIFICATIONS OF THE PERSONS ELIGIBLE TO RECEIVE RETIREMENT BENEFITS, SUCH COMMISSIONERS OUR BOUND BY THE OTHER SECTIONS CONTAINED IN 19 O.S. 951 ET SEQ., AS AMENDED, WHICH RELATE TO RETIREMENT BENEFITS FOR COUNTY EMPLOYEES. SPECIFICALLY, 956.1, IN ITS LATEST FORM (SECTION 1, CHAPTER 79, O.S.L. 1989; 19 O.S. 956.1) PROVIDES:
 "UPON APPLICATION TO THE BOARD OF TRUSTEES OF A COUNTY RETIREMENT SYSTEM CREATED PURSUANT TO SECTION 951 OF TITLE 19 OF THE OKLAHOMA STATUTES AND PAYMENT OF A CONTRIBUTION AS PROVIDED FOR IN THIS SECTION, A COUNTY EMPLOYEE SHALL RECEIVE CREDIT FOR NOT TO EXCEED FOUR (4) YEARS SERVED AS AN ELECTED CITY OR STATE OFFICIAL OF THE STATE OF OKLAHOMA IF THE COUNTY EMPLOYEE IS NOT RECEIVING OR ELIGIBLE TO RECEIVE CREDIT FOR SUCH SERVICE IN ANY CITY OR STATE RETIREMENT SYSTEM. TO RECEIVE CREDIT FOR SUCH SERVICE, THE COUNTY EMPLOYEE SHALL PAY TO THE BOARD OF TRUSTEES A TEN PERCENT (10%) CONTRIBUTION BASED ON THE SALARY THE COUNTY EMPLOYEE WAS RECEIVING DURING THOSE YEARS OF SERVICE AS AN ELECTED CITY OR STATE OFFICIAL THAT THE EMPLOYEE WANTS TO RECEIVE CREDIT FOR PLUS TEN PERCENT (10%) INTEREST."
IN DETERMINING INTENT OF LEGISLATURE IN PROMULGATING A STATUTE, ANY INQUIRY BEGINS WITH THE LANGUAGE EMPLOYED IN THE LEGISLATION, WILSON V. AL MCCORD INC. 611 F. SUPP. 621. THE ASCERTAINMENT OF LEGISLATIVE INTENT IS THE CARDINAL RULE OF STATUTORY CONSTRUCTION AND, IN THE ABSENCE OF A CONTRARY DEFINITION OF THE COMMON WORDS USED IN A LEGISLATIVE ACT, IT MUST BE ASSUMED THAT THE LAWMAKING AUTHORITY INTENDED FOR THEM TO HAVE THE SAME MEANING AS THAT ATTRIBUTED TO THEM IN ORDINARY AND USUAL PARLANCE. STATE EX REL. CARTWRIGHT V. GEORGIA-PACIFIC CORP., 663 P.2D 718.
YOUR INQUIRY POSES THE QUESTION OF WHETHER A NON-SALARIED CITY OR STATE OFFICIAL MAY RECEIVE CREDIT FOR RETIREMENT BENEFITS IN A COUNTY EMPLOYEE RETIREMENT FUND AND SYSTEM, PURSUANT TO 19 O.S. 951 ET SEQ., AS AMENDED. HOWEVER, AS PROVIDED FOR IN 19 O.S. 956.1, AS AMENDED, ABOVE, TO RECEIVE CREDIT FOR SUCH YEARS OF EMPLOYMENT, THE COUNTY EMPLOYEE SHALL HAVE TO PAY TO THE BOARD OF TRUSTEES A TEN PERCENT (10%) CONTRIBUTION BASED ON THE SALARY THE COUNTY EMPLOYEE WAS RECEIVING DURING THOSE YEARS OF SERVICE. "SALARY" IS A SPECIAL TYPE OF COMPENSATION, WHERE A FIXED, STATED AMOUNT IS PAID PERIODICALLY AS BY YEAR, QUARTER, MONTH, WEEK, OR OTHER PERIOD. BOURGH OF BEAVER V. LISTON, 464 A.2D 679, 682, 76 PA. COMWEALTH 619. EXPENSES FOR LODGING ARE NOT ANY PART OF "SALARY" . . . IN RE INTERROGATORIES BY THE COLORADO STATE SENATE. FORTY-SIXTH GENERAL ASSEMBLY. COLO., 452 P.2D 391, 392, 168 COLO. 558. "SALARY" IS A PERIODIC ALLOWANCE MADE AS COMPENSATION TO A PERSON FOR HIS OFFICIAL OR PROFESSIONAL SERVICES OR HIS REGULAR WORK. KOLCUM V. BOARD OF ED. OF WOODBRIDQE SCHOOL DIST. DEL. SUPER., 335 A.2D 618, 621.
THE MAXIM OF STATUTORY CONSTRUCTION THAT THE EXPRESSION OF ONE THING OR MORE EXCLUDES THOSE NOT MENTIONED IS APPLICABLE HERE. WILLIAMS V. LEE WAY MOTOR FREIGHT, 688 P.2D 1294 (OKL. 1984), IN RE ARBUCKLE MASTER CONSERVANCY DIST.. DIST. CT. MURRAY CO.. NO. 9660, 474 P.2D 385, 391-92 (OKL. 1970). THIS IS A PROPER INSTANCE FOR APPLYING THE MAXIM "EXPRESSIO UNIUS EST EXCLUSIO ALTERIUS", MEANING THAT THE MENTION OF ONE THING IN A STATUTE IMPLIES EXCLUSION OF ANOTHER. STATE V. SMITH, 539 P.2D 754 (OKL. CR. 1975).
CONSEQUENTLY, IT MUST BE INFERRED THAT THE LEGISLATIVE INTENT OF 956.1, AS AMENDED, WAS TO ALLOW SALARIED CITY OR STATE OFFICIALS TO TAKE ADVANTAGE OF A COUNTY EMPLOYEE RETIREMENT FUND AND SYSTEM, AND RECEIVE UP TO FOUR (4) YEARS CREDIT FOR YEARS PREVIOUSLY SERVED IN THE CAPACITY OF A CITY OR STATE OFFICIAL WHEN SUCH OFFICIAL WAS INELIGIBLE TO PARTICIPATE IN ANY OTHER CITY OR STATE RETIREMENT SYSTEM.
(ROBERT T. RALEY)